UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMPSON, I.G., L.L.C.,

              Plaintiff/Counter-Defendant,           Case No: 11-12839

vs.                                                                           HON. AVERN COHN

EDGETECH I.G., INC.,

              Defendant/Counter-Plaintiff.
_____/

**MEMORANDUM AND ORDER GRANTING
IN PART AND DENYING IN PART
DEFENDANT/COUNTER-PLAINTIFF'S
MOTION TO RECOVER COPYING AND
EXEMPLIFICATION COSTS (Doc. 117) AND
GRANTING DEFENDANT/COUNTER-PLAINTIFF'S
<u>MOTION TO REVIEW CLERK'S ACTION (Doc. 121)</u>**[1]

**I.**

This is a case involving a contract dispute between Plaintiff, Thompson I.G., L.L.C. ("Thompson"), a fabricator of insulated glass windows, sometimes called double pane windows, and Defendant, Edgetech, I.G., Inc. ("Edgetech"), a supplier of "Super Spacer®," a window sealant consisting of pliable solid material used in the assembly of insulated glass. On November 14, 2013, the Court granted Edgetech's motion for summary judgment (Doc. 110). A final judgment was entered in favor of Edgetech (Doc. 114).

On December 12, 2013, Edgetech filed a Bill of Costs seeking $76,571.04 (Doc. 118). Edgetech contemporaneously filed a motion for costs to recover "copying and exemplification costs" in the amount of $65,652.94 (Doc. 117). These costs cannot taxed

---

[1] Although originally scheduled for hearing, the Court deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

without an order of the Court.

Costs aside from the "copying and exemplification costs" were taxed in the amount of $9,860.50 (Doc. 119). Thompson does not object to these costs. Edgetech filed a motion to review the Clerk's action denying $275.40 in costs related to court reporter fees for deposition transcripts of two witnesses as will be explained below.

For the reasons that follow, Edgetech's motion to recover copying and exemplification costs totaling $65,652.94 (Doc. 117) will be granted in part and denied in part and Edgetech's motion to review the Clerk's action (Doc. 121) denying $275.40 will be granted.

Costs will be taxed in the amount of $10,161.38. This includes the $9,860.50 taxed by the Clerk of the Court, and the $275.40 related to deposition transcripts of the two witnesses. In addition, of the "copying and exemplification costs" requested, Edgetech will be allowed the amount of $25.48, only.

## II.

### A.

Under the local rules, a party seeking costs must file a Bill of Costs no later than 28 days after entry of judgment. E.D. Mich. LR 54.1. The handbook provides that transcripts used in support of a motion which are necessarily obtained for use in the case are taxable costs. E.D. Mich. Bill of Costs Handbook, II.B.1.d.

### B.

The Bill of Costs Handbook requires a court order authorizing the recovery of exemplification and copy fees. E.D. Mich. Bill of Costs Handbook, II.F. As the handbook states,

> The cost of securing translations for exemplification of matters before the court, copies of papers necessarily obtained for use in a case, and the cost of obtaining charts, models, photographs, etc., are **not** recoverable within the discretion of the taxation clerk **unless** counsel has previously secured an order authorizing the recovery of these costs.  Routine copy expenses; those made for service, filing or for the convenience of counsel are **not** taxable within the discretion of the taxation clerk.

*Id.* (emphasis in original).

### III.

### A.

### 1.

Edgetech seeks to recover $65,652.94 as "copying and exemplification costs" necessary for defending against Thompson's claims.  Of this amount, $5,080.33 represents the cost of copying papers.  Edgetech has attached as Exhibit A a list of the breakdown of these costs.  The list, however, is redacted.

The remainder of the amount Edgetech seeks as "copying and exemplification costs"–$60,572.61–represents fees Edgetech paid to its e-discovery vendor, Advanced Discovery.  As explained in Thaddeus R. Warren's ("Warren")[2] affidavit, Edgetech retained Advanced Discovery to maintain its records.  A review of the Advanced Discovery invoices shows that Advanced Discovery charged Edgetech for electronic discovery processing and hosting documents on its servers.  The breakdown of the Advanced Discovery costs are explained in Warren's affidavit and supported by the invoices as follows:

| | |
|---|---|
| Forensic consulting and collection: | $7,787.50 |
| Early case assessment: | $27,654.73 |

---

[2] Warren is Vice President of Sales for Advanced Discovery, a company providing electronic discovery services.  Advanced Discovery provided services to Edgetech.

Electronic discovery processing/hosting: $25,130.38

Labor charges: $6,757.45

**2.**

Thompson says that Edgetech's copying and exemplification costs should be denied in full.

*First*, Thompson argues that Edgetech's request for $5,080.33 in copying costs should be denied because Edgetech fails to show that these costs were reasonable and necessary. The Court agrees.

Edgetech has failed to show that the copying costs were "necessarily obtained for use in the case." *King v. Gowdy*, 268 F. App'x 389, 391 (6th Cir. 2008) (citing 28 U.S.C. § 1920(4)). Edgetech's Exhibit A details the following copying charges that it paid:

| | |
|---|---|
| Copying Charges: | $3185.00 |
| Copying Costs: | $165.33 |
| Color Copies – PB center): | $1185.00 |
| Pitney CD: | $195.00 |
| Pitney Master DVD: | $125.00 |
| Tech Services CD Charges: | $420.00 |

Edgetech says that in addition to Exhibit A, its counsel has declared, under penalty of perjury, that the copying costs are correct and were necessarily incurred. This is not enough.

There is no explanation by Edgetech of (1) the documents that were copied; (2) at what stage in the case they were copied; (3) why they were copied; (4) the category of documents copied; etc. Indeed, Edgetech has provided the Court with a highly redacted

breakdown of "copying" costs. There is no explanation why the copying costs were necessary to the case. Edgetech's reliance on its counsel's declaration is insufficient to establish necessity. It appears that Edgetech has this information but has provided it in a redacted format. Because Edgetech has failed to establish that the copying costs were necessarily obtained for use in the case, these costs will be denied.

*Second*, Thompson argues that Edgetech's request for $60,572.61 representing e-discovery costs paid to Advanced Discovery should be denied because e-discovery costs are not "costs of making copies" as allowed by 28 U.S.C. § 1920(4). Thompson is correct.

The Court of Appeals for the Third Circuit recently dealt with this issue in *Race Tires America, Inc. v. Hoosier Racing Tire Corp.*, 674 F.3d 158 (3d Cir. 2012). In *Race Tires America*, the court of appeals resolved the issue of "whether all charges imposed by electronic discovery vendors to assist in the collection, processing, and production of electronically stored information ("ESI") are taxable against a losing party as '[f]ees for exemplification [or] the costs of making copies of any materials where the copies are necessarily obtained for use in the case.'" *Id.* at 159 (citing 28 U.S.C. § 1920(4)). The court of appeals held that only a narrow portion of these costs are taxable:

> Neither the language of § 1920(4), nor its history, suggests that Congress intended to shift all the expenses of a particular form of discovery–production of ESI–to the losing party. Nor can such a result find support in Supreme Court precedent, which has accorded a narrow reading of the cost statute in other contexts. Although there may be strong policy reasons in general, or compelling equitable circumstances in a particular case, to award the full cost of electronic discovery to the prevailing party, the federal courts lack the authority to do so, either generally or in particular cases, under the cost statute.
>
> In sum, we conclude that of the numerous services the vendors performed, only the scanning of hard copy documents, the conversion of native files to TIFF, and the transfer of VHS tapes to DVD involved "copying," and that the costs attributable to only those activities are recoverable under § 1920(4)'s allowance for the "costs of

5

making copies of any materials."

*Id.* at 171 (internal citations omitted).

As the Third Circuit held, federal courts have permitted taxing costs associated with the *copying* of digital materials. *El Camino Resources, Ltd. v. Huntington Nat. Bank*, No. 07-598, 2012 WL4808741, at *5 (W.D. Mich. May 3, 2012) (citations omitted). The majority of the costs Edgetech seeks are not associated with copying of digital materials. Edgetech seeks to recover costs associated with "forensic consulting and collection," "early case assessment," "electronic discovery processing and hosting, data collection, imaging," and the like. None of these are taxable under 28 U.S.C. § 1920. Quoting the Third Circuit in *Race Tires America*, the court in *El Camino* explained:

> Section 1920(4) does not state that all steps that lead up to the production of copies of materials are taxable. It does not authorize the taxation merely because today's technology requires technical expertise not ordinarily possessed by the typical legal professional. It does not say that activities that encourage costs savings may be taxed. Section 1920(4) authorizes awarding only the cost of making copies.

*El Camino Resources*, 2012 WL4808741, at *7 (quoting *Race Tires America*, 674 F.3d at 169.

A review of the invoices submitted by Edgetech making up the $65,652.94 show that only the following is taxable as "making copies" under 28 U.S.C. § 1920:

Electronic File Conversion (10/31/2012 invoice): $25.48

The remaining costs, as detailed above, do not fall in the category of taxable costs under 28 U.S.C. § 1920. For these reasons, costs related to e-discovery will be taxed only in the amount of $25.48.

**IV.**

Next, Edgetech asks the Court to review the Clerk's action in denying the court

reporter fees totaling $275.40 incurred by Edgetech to obtain copies of deposition transcripts for witnesses Zacharius Dekalita ("Dekalita") and Paul Lewis ("Lewis"). Edgetech says it relied on the deposition transcripts in support of its motion for spoilation sanctions.

The Clerk denied costs related to Dekalita and Lewis on the grounds that copies of their depositions were not attached in support of any motions filed by Edgetech. The Clerk appears to have overlooked that the depositions were attached to Edgetech's motion for spoilation sanctions. (Doc. 77). Therefore, the Court will grant Edgetech's motion and tax costs totaling $275.40 related to Dekalita's and Lewis's depositions.

**V.**

For the reasons stated above, Edgetech's motion to recover copying and exemplification costs is GRANTED IN PART and DENIED IN PART and Edgetech's motion to review the Clerk's action is GRANTED.

Specifically, related to the motion to recover copying and exemplification costs, costs will be taxed in the amount of $25.48. The remainder of e-discovery costs are denied in their entirety. As it relates to the motion to review the Clerk's action, costs will be taxed in the amount of $10,135.90 ($9,860.50 taxed by the Clerk and not challenged by Thompson and $275.40 related to the challenged deposition transcripts).

In sum costs are taxed in the amount of $10,161.38.

SO ORDERED.

                         S/Avern Cohn
                         AVERN COHN
                         UNITED STATES DISTRICT JUDGE

      11-12839 Thompson v. Edgetech

Dated:  February 25, 2014

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, February 25, 2014, by electronic and/or ordinary mail.

      Sakne Chami
      Case Manager, (313) 234-5160